UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JUL 17 PM 1:23

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| KELLEY MERCURE<br>　　Plaintiff,<br>v.<br><br>BURLINGTON HOUSING<br>AUTHORITY,<br>　　Defendants. | Case No.<br><br>5:15-cv-168 |

### Complaint

　　This is an action alleging violations of The Fair Housing Act as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.* ("FHA"), when the Burlington Housing Authority ("BHA") failed to provide Kelley Mercure ("Ms. Mercure" or "Plaintiff") reasonable accommodation in its administration of the "Section 8" housing voucher program. Ms. Mercure was a handicapped individual unable, due to her handicap, to exercise her right to pursue a Family Unification Voucher for rental or homeownership ("Housing Choice Voucher") and BHA failed to reasonably accommodate Plaintiff's handicap by granting an extension of time for her to exercise her voucher rights.

### Parties

1. Plaintiff, Kelley J. Mercure, is of legal age and resident of Chittenden County, Vermont.

2. Defendant, Burlington Housing Authority, is a municipally based public housing authority located in Burlington, Vermont and funded by federal and state monies.

### Jurisdiction

3. Jurisdiction is proper in this Court based on 28 U.S.C. § 1131.

### General Allegations

4. In early 2012 based on her status as a single displaced parent with dependent minor children, Ms. Mercure applied to BHA for assistance to secure suitable housing.

5. BHA issued her a Housing Choice Voucher in March 2012.

6. In the weeks and months following Ms. Mercure's receipt of the Housing Choice Voucher, she endured a series of disabling medical conditions, including acute illness,

multiple surgeries, and hospitalizations which affected her physical mobility and capacity to perform any sort of housing search.

7. During the period from April 2012 through September 2012 and continuing to the present, Ms. Mercure's medical conditions caused an impairment which substantially limited one or more major life activites.

8. At all relevant periods to this Complaint, Ms. Mercure was an individual with a disability as recognized at law.

9. BHA was aware of Ms. Mercure's disability and handicap.

10. BHA received medical documentation of Ms. Mercure's disability and handicap and on forms provided by it for the purpose of documenting disability.

11. Based on the materials provided to BHA relating to Ms. Mercure's medical conditions, BHA knew or reasonably should have known of her handicap and disability.

12. On the basis of Plaintiff's disability and handicap, BHA granted her extensions of the period in which she could exercise the Housing Choice Voucher issued to her in March 2012.

13. Because of her disability and handicap, Ms. Mercure continued to be unable to exercise the Housing Choice Voucher issued to her and to enjoy the benefits it conferred.

14. BHA denied further extension of the period of eligibility for Ms. Mercure's Housing Choice Voucher.

15. Further extension of the period during which Ms. Mercure could exercise the Housing Choice Voucher granted to her would have been a reasonable accommodation of her then existing handicap and disability and would have afforded her the equal opportunity to enjoy the benefits of housing assistance and allow her to conduct a search for suitable housing.

16. There would have been no financial cost or other burden on BHA imposed by the accommodation of further extension of Ms. Mercure's eligibility to exercise Housing Choice Voucher.

17. An extension of the time in which to exercise a Housing Choice Voucher "must" be granted as a reasonable accommodation "to make the program accessible" to a person with disabilities "up to the term reasonably required for that purpose." See 24 CFR 982.303

18. Extension of Ms. Mercure's eligibility to exercise the Housing Choice Voucher issued to her was denied October 4, 2012.

19. The time in which Ms. Mercure was eligible to file this claim for civil remedies was tolled by reason of her appeal to the U.S. Department of Housing and Urban Development - Office of FHEO to investigate her claims. The FHEO Investigation concluded upon receipt of the HUD's Director of Public Housing letter on October 28, 2014.

20. Ms. Mercure was damaged by BHA's failure to provide a reasonable accommodation of her handicap and disability.

21. Since Ms. Mercure sought review of BHA's denial of further extension, BHA has refused and denied Ms. Mercure's eligibility and priority for eligibility for a Housing Choice Voucher.

22. BHA's conduct has been in retaliation of Ms. Mercure's exercise of rights provided to her by law, to wit 42 U.S.C. § 3601 et. seq.

### Count I (violation of 42 U.S.C. 3604)

23. Plaintiff repeats and realleges as if fully set forth herein Paragraphs 1-22.

24. BHA's acts as aforesaid constitute a violation of the FHA by failure to provide

reasonable accommodation to Ms. Mercure in granting further extension to allow her to exercise an equal opportunity to enjoy the benefits of housing assistance as administered and provided by BHA.

25. Ms. Mercure has been damaged by BHA's conduct.

### Count II (violation of 42 U.S.C. 3617)

26. Plaintiff repeats and realleges as if fully set forth herein Paragraphs 1-25.

27. BHA's denial and refusal of Ms. Mercure's current eligibility and priority for eligibility for a Housing Choice Voucher has been in interference with her having sought to exercise and enjoy rights protected by 42 U.S.C. 3604.

WHEREFORE, Plaintiff seeks her actual damages, an affirmative order that BHA provide her with a Housing Choice Voucher, and reasonable attorney's fees and costs and such other and further relief as it deems just and proper.

**Kelley Mercure**

Date: July 17, 2015  By:  /s/ Joshua L. Simonds, Esquire
The Burlington Law Practice, PLLC
Joshua L. Simonds, Esquire
2 Church Street, Suite 2G
Burlington, VT 05401
(802) 651-5370 Phone
(802) 651-5374 Fax
jls@burlingtonlawpractice.com
Attorneys for Plaintiff